```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
GLYN KEATLEY,                      :
                                   :
                    Petitioner,    :
                                   :   06 Civ. 806(JFK)
     -against-                     :   MEMORANDUM OPINION
                                   :      and ORDER
                                   :
UNITED STATES OF AMERICA,          :
                                   :
                    Respondent.    :
                                   :
-----------------------------------X
```

APPEARANCES:

    For Petitioner Glyn Keatley:

        GLYN KEATLEY, pro se
        Register No. 31875-039
        FCI Elkton
        Federal Correctional Institution
        P.O. Box 10
        Lisbon, Ohio 44432

    For Respondent United States of America:

        MICHAEL J. GARCIA
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007
            Of Counsel:  AUSA Michael Q. English

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge**

## INTRODUCTION

Glyn Keatley, <u>pro se</u>, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  Keatley contends that he is entitled to be resentenced because of the Supreme Court's ruling in <u>United States v. Booker</u>, 543 U.S. 220 (2005).  For the reasons set forth below, the petition is denied.

## BACKGROUND

On October 10, 2001, a grand jury in the District of Kansas returned a one-count Indictment charging Keatley with fraud, in violation of 18 U.S.C. § 1341.  On October 30, 2003, this Indictment was filed in Southern District of New York pursuant to a Rule 20 transfer (No. 03 Cr. 1300).  On December 4, 2003, Keatley was charged in a two-count Information (03 Cr. 1431) with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and wire fraud, in violation of 18 U.S.C. § 1343.  On February 10, 2004, Keatley pled guilty to Count One of the Indictment and Counts One and Two of the Information.  The parties stipulated in the plea agreement to a Sentencing Guidelines range of 46 to 57 months' imprisonment.  On April 5, 2004, in accordance with the recommendation of the Probation Department, the Court sentenced Keatley to 46 months.  The Court

also imposed three years of supervised release, restitution in the amount of $1,434,660, and a $300 special assessment. While Keatley was serving his sentence, the Supreme Court decided Booker. Keatley argues that he should be re-sentenced because the Supreme Court held 28 U.S.C. § 3553(b)(1) unconstitutional, thereby voiding his sentence. (Keatley § 2255 Petition at 5.)

## DISCUSSION

Keatley agreed not to appeal or collaterally attack his sentence if he received a term of imprisonment within the stipulated range of 46 to 57 months. The Court's 46-month sentence was at the bottom of the range. It is settled that "[t]here is no general bar to a waiver of collateral attack rights in a plea agreement." Frederick v. Warden, Lewisburg Corr. Fac., 308 F.3d 192, 195 (2d Cir. 2002). While an exception may exist when the petitioner attacks the validity of the process that resulted in procurement of the agreement, see id., Keatley makes no such attack here. At the plea hearing, the Court confirmed that Keatley was competent to enter into his plea (Plea Tr. 5-6.) The Court also confirmed that Keatley signed the agreement, went over it with his lawyer, and had no questions about the agreement. (Plea Tr. 11-13.) Finally, Keatley indicated to the Court that he understood that he had given up

3

"every right to appeal" if he received a sentence within the stipulated range. (Plea Tr. 14.)

In addition, Keatley's petition is untimely. The judgment of conviction was entered on the Court's docket on April 5, 2004. Keatley did not appeal, meaning that the judgment became final on April 21, 2004. The instant habeas petition was not filed until January 10, 2006, well past the one-year statute of limitations in 28 U.S.C. § 2255(1). Keatley argues that the petition should be deemed timely under 28 U.S.C. § 2255(3), which commences the limitations period on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This argument fails. Booker is not retroactively applicable to cases on collateral review if the conviction was final as of January 12, 2005, the date Booker was decided. Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005). Keatley's conviction was final more than eight months before Booker was decided.

Keatley's substantive claim concerning the invalidation of the mandatory Guidelines scheme (18 U.S.C. § 3553(b)) fails for the same reason.

## CONCLUSION

Keatley's petition for habeas relief pursuant to 28 U.S.C. § 2255 is denied. The Court will not issue a certificate of appealability because there has been no substantial showing of the denial of a constitutional right, or that jurists of reason would debate the Court's resolution of this petition. See 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**Dated: New York, New York
August 31, 2006**

JOHN F. KEENAN
United States District Judge